UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MIRACLE EAR, INC.** | * | **CIVIL ACTION NO. 09-1691** |
| **VERSUS** | * | |
| **PREMIER HEARING AID CENTER, L.L.C., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

**ORDER**

Defendants removed the above-captioned matter to federal court on the basis of diversity jurisdiction. 28 U.S.C. §1332. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, supra*; *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). Moreover, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[1] For each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and

---

[1] Under Louisiana law, a limited liability company is an unincorporated association. La. R.S. 12:1301A(10).

traced up the chain of ownership until one reaches only individuals and/or corporations because "only natural persons and corporations have a legal existence — for diversity purposes — that is not dependent on the citizenship of their constituent members." Brief of Cerberus Capital Management, L.P., *Lawson v. Chrysler LLC*, Civil Action No. 08-0019 (S. D. Miss. Dec. 18, 2008); *Lewis v. Allied Bronze, LLC, supra*; see also, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").[2]

In this case, removing defendants have neither alleged the state of incorporation and principal place of business for the plaintiff corporation, nor identified the members and citizenship of the defendant LLC. *See* Notice of Removal, ¶¶ 3-5.

The undersigned further observes that case law suggests that federal courts lack subject matter jurisdiction to entertain suits (such as this one) which seek to register state court judgments – despite the presence of diversity jurisdiction. *Hillman Lumber Products, Inc. v. Webster Mfg.*, 2006 WL 2644968 (W.D. La. Sept. 14, 2006) (Hornsby, M.J.) (and cases cited therein); *but c.f. Bosworth v. Bosworth*, 118 F. Supp. 267 (W.D. La. 1954) (Dawkins, J.) (state court judgment made executory where federal court enjoyed diversity jurisdiction).

Accordingly, within the next 15 days from the date of this order, removing defendants are granted leave of court to file an amended notice of removal which establishes diversity

---

[2] For example, if the membership of an LLC includes another LLC or partnership, then the membership and citizenship of each of these entities must be identified, and so on.

jurisdiction. *See*, 28 U.S.C. § 1653. Within the same period, defendants shall file a memorandum to address the court's concerns regarding the jurisdictional authority to register state court judgments. If defendants fail to so comply, or if jurisdiction is found to be lacking, then the matter will be remanded to state court. 28 U.S.C. § 1447(c).[3]

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of December 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] The instant record indicates that on August 25, 2009, Judge Wayne Smith of the 3rd Judicial District Court for the Parish of Union, State of Louisiana, entered a judgment in favor of plaintiff based upon the underlying judgment entered in Minnesota. *See* Aug. 25, 2008, Judgment [doc. # 1-2]. Thus, should this court retain jurisdiction, the first order of business for defendants must be a motion to set aside the Union Parish judgment. *See generally Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir. 1984).