UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**MIRACLE-EAR, INC.**          *          **CIVIL ACTION NO. 09-1691**

**VERSUS**                     *          **MAGISTRATE JUDGE**
                                          **KAREN L. HAYES**

**PREMIER HEARING AID**        *
**CENTER, L.L.C. and JUDY WHITE**

## MEMORANDUM RULING

Before the undersigned Magistrate Judge is a notice of intent to dismiss for lack of subject matter jurisdiction. (Doc. # 7). For reasons stated below, this matter shall be **REMANDED** to state court for lack of subject matter jurisdiction.

On September 25, 2009, defendants Premier Hearing Aid Center, L.L.C. ("PHAC") and Judy White ("White") removed this matter to federal court. Doc. #2. Defendants alleged that their case was properly in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *Id.* at ¶ 2. Defendants specifically alleged that PHAC was a Louisiana corporation with a principle place of business in Louisiana, that White was a citizen of Louisiana, and that plaintiff Miracle-Ear, Inc. ("Miracle-Ear") was a corporation that had "a principle place of business in a state other than Louisiana." *Id.* at ¶¶ 3-5.

On December 22, 2009, the undersigned reviewed the complaint, and observed, for purposes of diversity jurisdiction, that defendants neither alleged the state of incorporation and principal place of business of Miracle-Ear, nor identified the members and citizenship of PHAC. Doc. # 7 at 2. The undersigned also observed that federal courts generally lack subject matter jurisdiction to entertain suits (such as this one) which seek to register and enforce state court judgments, despite the presence of diversity jurisdiction. *Id.*; *see Hillman Lumber Products, Inc.*

1

*v. Webster Mfg.*, 2006 WL 2655968 (W.D. La. Sept. 14, 2006) (Hornsby, M.J.) (and cases cited therein).

Accordingly, the court granted defendants leave to amend the deficient jurisdictional allegations and to file a memorandum addressing the court's concerns regarding the jurisdictional authority to enforce and register state court judgments. Doc. # 7 at 2-3. Defendants were cautioned that if they failed to so comply, or if jurisdiction was found to be lacking, then the case would be remanded. *Id.* Defendants have failed to respond. Under these circumstances, a remand to state court is warranted. 28 U.S.C. § 1447(c)

Finally, this court's conclusion that a remand to state court is warranted is not affected by defendant White's recent filing of a bankruptcy petition in the Western District of Louisiana.[1] While the filing of a bankruptcy petition generally operates as a stay on enforcement actions against a debtor, 11 U.S.C. § 362, it does not prevent a federal court from remanding an action in which subject matter jurisdiction is lacking. *Gallaher v. Waving Leaves, Inc.*, No. 5:050CV6, 2006 WL 898130, at *2 (N.D.W.Va. Apr. 5, 2006).

For the foregoing reasons, this case is **REMANDED** to the Third Judicial District Court for the Parish of Union.

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of January, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] On January 6, 2010, White filed for bankruptcy in the Western District of Louisiana. Bankruptcy Petition # 10-30008.

2